UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY A. GEIMAN, as he is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR MANAGEMENT COOPERATION TRUST, and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINGING FUND; and INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND,<br>    Plaintiffs<br><br>v.<br><br>MOOSEHEAD HARVESTING, INCORPORATED,<br>    Defendant, and<br><br>WEST BANK,<br>    Trustee Process Defendant | CIVIL ACTION NO. |

**VERIFIED COMPLAINT**
**FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS**

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to make contributions under the terms of a collective bargaining agreement and the plans.

**JURISDICTION**

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant-directed individual accounts, including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gregory A. Geiman is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. Plaintiff Gregory A. Geiman is the Administrator of the Joint Labor-Management Cooperation Trust. This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9). The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8. Plaintiff International Union of Operating Engineers National Training Fund trains apprentices and journey workers on the construction industry at a national level. The National Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 1125 17th Street, NW Washington, DC 20036.  Gregory A. Geiman, as Administrator, has been authorized to collect contributions on behalf of the National Training Fund.

9. The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds, as well as the National Training Fund, are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They, along with the Joint Labor-Management Cooperation Trust, are hereinafter collectively referred to as "the Funds."

10. Defendant Moosehead Harvesting Incorporated ("MHI") is a foreign corporation with a principal place of business at 78 Main Street No. 5, Lincoln, New Hampshire 03251.  Its resident agent for service of process in Massachusetts is Kathleen Reed, 13 Sam West Road, Southwick, Massachusetts 01077.  MHI is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

11. West Bank is a banking institution which, on information and belief, is holding assets of the defendant.

## FACTS

12. On or about June 13, 1990, Defendant MHI agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A copy of MHI's signed agreement ("Short Form Agreement") is attached hereto as Exhibit A.

13. Because of the Short Form Agreement, Defendant MHI is a party to a collective bargaining agreement with the International Union of Operating Engineers Local 4 that is effective for the period from June 1, 2018 through May 31, 2022, as well as successor agreements ("CBA").  A copy of the June 1, 2018-May 31, 2022 CBA is attached hereto as Exhibit B.

14. The CBA requires MHI to make contributions to Plaintiff Funds for each payroll hour for each person covered by the CBA and to pay interest on late payments at the rate of one percent (1%) per month.  Interest on late-paid elective deferral amounts that employers have deducted from employees' wages are assessed in accordance with rules and regulations of the U.S. Department of Labor.

15. Pursuant to the CBA, employers are also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for union dues. If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee ("SAC"). If employees so elect, the employer is also obligated to withhold an amount

from the employees' gross wages before any deduction for taxes for deposit in the Annuity and Savings 401(k) plan.

16. Upon information and belief, Defendant MHI performed work under the CBA but has failed to remit any of the contributions, dues, and SAC deductions due for the work months of July and August 2019 in the amount of $15,682.26. The Funds sent follow up demands for the principal and interest owed on those reports of $15,682.26, continuing interest on unpaid principal, and reports for the months of July 2020 to present. The amounts owed for the months of July 2020 to present are unliquidated to date because the Defendant has failed to submit remittance reports on which they are charged with delineating payroll hours for each of their covered employees for the months at issue.

17. MHI has failed and refused to pay the amounts it owes the Funds or to submit the required reports.

18. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

19. Plaintiffs incorporate by reference herein Paragraphs 1-18 above.

20. The failure of Defendant MHI to make contributions on behalf of all covered employees as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

21. Absent an order from this Court, Defendant MHI will continue to refuse to report hours and pay the amounts owed to the Funds, and the Funds and their participants will be irreparably damaged.

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

22. Plaintiffs incorporate by reference herein Paragraphs 1-21 above.

23. The failure of Defendant MHI to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

24. Plaintiffs incorporate by reference herein Paragraphs 1-23 above.

25. The failure of Defendant MHI to remit Union dues and SAC contributions it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the accounts of the Defendant at West Bank up to the amount of $15,682.26;

b. Order the attachment of the machinery, inventory, and accounts receivable of the Defendant up to the amount of $15,682.26;

c. Order the attachment of real estate standing in the name of the Defendant up to the amount of $15,682.26;

d. Order the Defendant to make available to the Plaintiff Funds or their duly authorized representative and/or auditor all books and records, including payroll records, contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from June 1, 2020, until the date of the Court's order for the

purpose of ascertaining the full amount of unpaid contributions for that period as well as accounts receivable for that period;

    e.    Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to make contributions to Plaintiff Funds;

    f.    Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to remit 401(k) employee elective deferrals, Union dues and SAC contributions;

    g.    Enter judgment in favor of the Plaintiff Funds against the Defendant Moosehead Harvesting, Incorporated in the amount of unpaid benefit contributions for the period July and August 2019 and the period July 2020 to present, continuing interest on unpaid contributions at the rate of 1% per month from the date due to the date paid, past-due interest on late-paid contributions, elective deferrals with interest thereon at the IRS prescribed rate, Union dues and SAC contributions deducted from employee wages, together with statutory liquidated damages, auditor's fees, and legal fees and costs of collection through the date of final payment, along with all other amounts that may fall due during the pendency of this action; and

    h.    Such further and other relief as this Court deems appropriate.

    GREGORY A. GEIMAN, as he is
ADMINISTRATOR, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4
HEALTH AND WELFARE, PENSION,
ANNUITY AND SAVINGS FUNDS, et al.,

By their attorney,

/s/ Kathryn S. Shea
Kathryn S. Shea, BBO #547188
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA  02111
(617) 603-1417
kshea@segalroitman.com

Dated:  March 18, 2021

## VERIFICATION

I, Gregory A. Geiman, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements made on information and belief, as to which I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25 DAY OF MARCH, 2021.

_____
Gregory A. Geiman