UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| GREGORY A. GEIMAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 21-cv-10512-ADB |
| | * | |
| MOOSEHEAD HARVESTING, INC., | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

BURROUGHS, D.J.

In this action, Plaintiff Gregory A. Geiman, acting on behalf of various union funds and trusts, alleges that Defendant Moosehead Harvesting, Inc. ("Moosehead") violated the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"). [ECF No. 1 ("Compl.")]. Currently before the Court is Mr. Geiman's motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). [ECF No. 14]. He seeks a judgment in the amount of $18,728.90 consisting of: (1) $7,897.78 in unpaid benefit contributions; (2) $3,207.21 in pre-judgment interest; (3) $3,207.21 in liquidated damages; and $4,416.70 in attorneys' fees and costs. [Id. at 2]. Although Mr. Geiman's motion must be evaluated under Federal Rule of Civil Procedure 55(b)(2), not 55(b)(1), for the reasons that follow, the motion is GRANTED.

In March 2021, Mr. Geiman sued Moosehead, alleging ERISA and LMRA violations. [Compl.]. On September 18, 2021, the clerk entered a default against Moosehead. [ECF No. 11]. On October 15, 2021, Mr. Geiman filed the instant motion. [ECF No. 14].

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, Mr. Geiman must utilize Rule 55(b)(2) because his request for attorneys' fees "prevents the clerk from entering a judgment under Rule 55(b)(1)," as the reasonableness of the attorneys' fees requires judicial review. Int'l Union of Operating Eng'rs, Loc. 4 v. Stanley Excavation, 243 F.R.D. 25, 27 n.5 (D. Me. 2007) (quoting 10A C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice & Procedure § 2683 (1998)). Further, "[i]f the plaintiff is seeking both a sum certain . . . and damages that require judicial determination under Rule 55(b)(2), the entire matter, including the sum certain, must be determined under Rule 55(b)(2)." Id. (citing Conetta v. Nat'l Hair Care Ctrs., Inc., 186 F.R.D. 262, 268 (D.R.I. 1999)).

By defaulting, Moosehead conceded the truth of the factual allegations in the complaint. See In re Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002) (citing Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999) and Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985)). Notably, Moosehead admitted that it failed to make contributions for work done under the collective bargaining agreement ("CBA"), [Compl. ¶¶ 12–17], which is an ERISA violation, see 29 U.S.C. § 1145. Mr. Geiman is therefore entitled to the unpaid contributions, interest, liquidated damages, and reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

As to unpaid contributions, pre-judgment interest, and liquidated damages, the Court finds that the sums requested by Mr. Geiman are supported by his submissions. See [ECF No. 14-1 (Mr. Geiman's affidavit); Compl.; ECF No. 1-3 (CBA)]. As to attorneys' fees and costs,

the Court finds that the sum requested, $4,416.70, is reasonable and supported by Mr. Geiman's filings.  See [ECF No. 14-2].  The Court reaches this conclusion based on its general knowledge of litigation costs, billing rates charged by Boston-area attorneys, and the legal work required in this case.[1]

Accordingly, Mr. Geiman's motion for a default judgment, [ECF No. 14], is GRANTED. Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court will enter judgment against Moosehead in the amount of $18,728.90, which consists of:

1. $7,897.78 in unpaid benefit contributions;

2. $3,207.21 in pre-judgment interest;

3. $3,207.21 in liquidated damages; and

4. $4,416.70 in attorneys' fees and costs.

**SO ORDERED.**

November 1, 2021               /s/ Allison D. Burroughs
                               ALLISON D. BURROUGHS
                               U.S. DISTRICT JUDGE

---

[1] The Court is not required to conduct a hearing and declines to do so.  See Fed. R. Civ. P. 55(b)(2) ("The court *may* conduct hearings or make referrals . . . ." (emphasis added)).